## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN GAY, | CIVIL ACTION NO. |
| Plaintiff, | SECTION: |
| vs | MAGISTRATE: |
| EDWARD F. BUKATY, III, an individual EDWARD F. BUKATY, III, A PROFESSIONAL LAW CORPORATION, a Louisiana corporation, and CAVALRY SPV I, LLC, a Delaware LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, CAROLYN GAY (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendants and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1.     PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from EDWARD F. BUKATEY, III, an individual, EDWARD F. BUKATY, III, A PROFESSIONAL LAW CORPORATION's (together "BUKATY") and CAVALRY SPV I, LLC's ("CAVALRY") (collectively referred to as "DEFENDANTS") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.  DEFENDANTS send letters to consumers which misrepresent the extent of attorney involvement on the account and the fact that the account continues to accrue fees.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because BUKATY resides and/or does business in the Eastern District of Louisiana.

## PARTIES

4.      PLAINTIFF is a natural person residing in Natchitoches, Louisiana.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7.      BUKATY is a Louisiana attorney and corporation which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8.      CAVALRY is a Delaware LLC which purchases defaulted debs and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.      Upon information and belief, there exists a principal-agent relationship between CAVALRY and BUKATY, respectively.

11.      Upon information and belief, CAVALRY exercises control over the collection activities of BUKATY. Specifically, CAVALRY reviews and audits all of BUKATY's collection communications.

12.     Upon information and belief, at all relevant times herein, BUKATY was acting in the scope of its authority as received from CAVALRY.

13.     Upon information and belief, CAVALRY purchased this debt after it was in default.

## STATEMENT OF FACTS

14.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 13 inclusive, above.

15.     On or about December 30, 2016, CAVALRY directed BUKATY to mail a letter to PLAINTIFF attempting to collect a debt, a true and correct copy of which is attached hereto as **Exhibit 1**.

16.     The letter directed to Plaintiff is signed by Defendant Edward F. Bukaty, III. *Id.*

17.     Upon information and belief, Edward F. Bukaty, III had not meaningfully reviewed Plaintiff's collection file at the time of the sending of the letter.

18.     In this letter, DEFENDANTS do not advise PLAINTIFF that, at the time of sending, that no attorney had meaningfully reviewed the account.  *Id.*

19.     In this letter, DEFENDANTS do not advise PLAINTIFF that the balance may increase due to interest and fees.  *Id.*

20.     DEFENDANTS further do not advise PLAINTIFF that the amount of the debt stated in the letter will increase over time, or clearly state that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date. *Id.*

21.     Upon information and belief, this letter was automatically generated, and was mailed to PLAINTIFF without an attorney providing any substantive review of the account.

22.     The letter seeks a balance of $10,344.86.  *Id.*

23.     On or about February 13, 2017, CAVALRY filed a lawsuit against PLAINTIFF by use of its law firm, BUKATY in the Natchitoches District Court.

24.     In this lawsuit, DEFENDANTS seek an additional 25% of principal in fees.

25.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

26.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27.     These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

    a.   Class Number One: a class of consumers, who:

        i.   Reside in Louisiana; and

        ii.  Within one year prior to the filing of this action;

        iii.  Received a letter from DEFENDANTS;

        iv.  Which did not advise the consumer that no attorney had provided a meaningful review of the account at the time of its sending.

    b.   Class Number Two: a class of consumers, who:

        i.   Reside in Louisiana; and

        ii.  Within one year prior to the filing of this action;

    iii.   Received a letter from DEFENDANTS;

    iv.   Which did not advise the consumer that the balance may increase due to interest and fees, or that the amount of the debt stated in the letter will increase over time, or clearly state that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

28.    PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that each class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

29.    All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a.   Whether the collection letter from DEFENDANTS violates 15 U.S.C. § 1692e by not including information about the addition of fees;

    b.   Whether the collection letter from DEFENDANTS violate 15 U.S.C. §§ 1692e and e(3), by misrepresenting that an attorney was meaningfully involved with the drafting of the letter;

    c.   The identities of individuals who received a collection attempt from DEFENDANTS which violated the above subsections; and

    d.   The total number of collection attempts that DEFENDANTS made on consumers which violated the above subsections.

30.     PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members.  PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

31.     Upon information and belief, DEFENDANTS have a practice and policy of sending collection letters to consumers that do not inform the consumer that the attorney had not meaningfully reviewed the account at the time of sending, and do not inform the consumer about fees that may continue to increase on the account.

32.     PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits.  PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

33.     PLAINTIFF is committed to vigorously pursuing her claims.

34.     A class action regarding the issues in this case does not create any problems of manageability.

35.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k.  The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

36.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e and e(3)
### BROUGHT BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF CLASS NUMBER ONE

37.     PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38.     "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

39.     A debt collector may not falsely represent or imply "that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

40.     On or about December 30, 2016, CAVALRY directed BUKATY to mail a letter to PLAINTIFF attempting to collect a debt.  Ex. 1.

41.     In this letter, DEFENDANTS do not advise PLAINTIFF that, at the time of sending, that no attorney had meaningfully reviewed the account.  *Id.*

42.     Upon information and belief, this letter was automatically generated, and was mailed to PLAINTIFF without an attorney providing any substantive review of the account.

43.     By not including such a disclosure, DEFENDANTS violated 15 U.S.C. § 1692e and e(3).

44.     As a result of the FDCPA violations by DEFENDANTS, Plaintiff has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

45.     CAVALRY exercised control over the conduct and/or activities of BUKATY and, thus, is vicariously liable for BUKATY'S improper collection activities.

46.     PLAINTIFF suffered the concrete injury of being deprived of her legally protected right to receive communications from debt collectors that do not contain material misrepresentations, and therefore has standing for the purpose of Article III.

47.     It has been necessary for PLAINTIFF, on behalf of herself and those similarly situated to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C § 1692e**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND**
**ON BEHALF OF CLASS NUMBER TWO**

48.     PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 47 above.

49.     "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

50.     On or about December 30, 2016, CAVALRY directed BUKATY to mail a letter to PLAINTIFF attempting to collect a debt.  Ex. 1.

51.     In this letter, DEFENDANTS do not advise PLAINTIFF that the balance may increase due to interest and fees.  *Id.*

52.     DEFENDANTS further do not advise PLAINTIFF that the amount of the debt stated in the letter will increase over time, or clearly state that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.  *Id.*

53.     The letter seeks a balance of $10,344.86.  *Id.*

54.     On or about February 13, 2017, CAVALRY filed a lawsuit against PLAINTIFF by use of its law firm, BUKATY, in the Natchitoches District Court.

55.     In this lawsuit, DEFENDANTS seek an additional 25% of principal in fees.

56.     As such, PLAINTIFF's indebtedness continues to increase.

57.     By not advising PLAINTIFF that the balance may increase due to interest or fees, or that the amount will increase over time, or that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date, DEFENDANTS violated 15 U.S.C. § 1692e.

58.     As a result of the FDCPA violations by DEFENDANTS, Plaintiff has suffered actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

59.     CAVALRY exercised control over the conduct and/or activities of BUKATY and, thus, is vicariously liable for BUKATY'S improper collection activities.

60.     PLAINTIFF suffered the concrete injury of being deprived of her legally protected right to receive communications from debt collectors that do not contain material misrepresentations, and therefore has standing for the purpose of Article III.

61.     It has been necessary for PLAINTIFF, on behalf of herself and those similarly situated to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

### DEMAND FOR JURY TRIAL

62.     Please take notice that PLAINTIFF demands trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief

in PLAINTIFF'S favor, and on behalf of the classes, and that judgment be entered against DEFENDANTS for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(4)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this 30th day of March 2017.

<b>GESUND AND PAILET, LLC</b>

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff